UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HOWARD MICHAEL CAPLAN,

    Plaintiff,

v.

SERA'S LATIN CAFÉ LLC, a Florida
Limited Liability Company d/b/a
LEO'S HOUSE RESTAURANT
and FNWS INCORPORATED, a
Florida Profit Corporation,

    Defendant.
_____/

CASE NO.: 1:20-cv-20479-FAM

FLA BAR NO.: 825778

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

COMES NOW, the Defendant, SERA'S LATIN CAFÉ LLC, a Florida Limited Liability Company d/b/a LEO'S HOUSE RESTAURANT, by and through undersigned counsel, pursuant to Florida Rules of Civil Procedure, hereby files this Answer and Affirmative Defenses, to the Complaint filed by the Plaintiff, HOWARD MICHAEL CAPLAN, and as grounds therefore states as follows:

### JURISDICTION

1. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, admits to this Court's jurisdiction but all the remaining allegations are hereby denied.

### VENUE

2. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, admits that the venue is proper in this Court, all the remaining allegations are hereby denied.

## PARTIES

3. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, denies the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, denies the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. The Plaintiff leases the unit but does not lease the warehouse. This Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, is not responsible for maintenance and upkeep or otherwise has no responsibility as far as the parking lot is concerned. All remaining allegations are hereby denied.

## CLAIMS: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, would state its responses to paragraphs 1-5 as its fully plead herein.

7. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, admits the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, admits the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, admits the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, admits the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, denies the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, denies the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, denies the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, denies the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, denies the allegations contained in Paragraph 15 of the Plaintiff's Complaint. Furthermore this Defendant is not responsible for the alleged violations referencing or relating to the parking lot.

16. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, denies the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, denies the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, denies the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. The Defendant, SERA'S LATIN CAFÉ LLC d/b/a LEO'S HOUSE RESTAURANT, denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The violations are minor and/or minimal at best. Most of the alleged violations either are non-existent, and those that are, involve merely moving items in some occasions less than a few inches. The Court should keep in mind that these slight deviations, if any, in the standards did not prevent and would not prevent this Plaintiff from using the subject premises.

### SECOND AFFIRMATIVE DEFENSE

The removal of barriers or alternatives to removal, sought by Plaintiff is not readily achievable with respect to one or more of the violations, given all the circumstances.

### THIRD AFFIRMATIVE DEFENSE

Modifications to address or correct one or more of the violations complained of would fundamentally alter the nature of the products and services offered by Defendant.

### FOURTH AFFIRMATIVE DEFENSE

One or more of the conditions complained of existed before the effective date of the Americans With Disabilities Act, such that the condition(s) is not an actionable violation of the Act.

### FIFTH AFFIRMATIVE DEFENSE

With respect to one or more of the violations complained of, it would be structurally impractical for Defendant to design new facilities readily accessible to and usable by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

One or more of the alterations which the Plaintiff is demanding is not feasible given the circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

Notwithstanding the condition of the facility, the Plaintiff had an equal opportunity to obtain the same results, to wit, products and services, as others at the facility.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege the precise causal relationship between his disability and the violations complained of, i.e. the specific ways in which Plaintiff's experience at the facility was inferior to that experienced by persons without Plaintiff's disabilities.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via electronic mail this **26**th day of February, 2020 to:

Ronald E. Stern, Esq.
The Advocacy Law Firm, P.A.
1250 E. Hallandale Beach Blvd., Suite 503
Hallandale Beach, Florida 33009

**GASTESI LOPEZ & MESTRE, PLLC.**
8105 N.W. 155th Street
Miami Lakes, FL 33016
Tel: 305-818-9993
Fax: 305-818-9997

By: _____
**RAUL GASTESI, JR.**
For the Firm